IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANASTASIO NICK LAOUTARIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:18-cv-2854-S (BT) |
| | § | |
| PAUL YANOWITCH, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anastasio Laoutaris, a federal prisoner, filed a *pro se* complaint under 18 U.S.C. §§ 241 and 242 and *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). The Court granted Plaintiff leave to proceed *in forma pauperis* but has not issued process pending judicial screening. For the following reasons, Plaintiff's complaint should be dismissed.

I.

Plaintiff was convicted by a jury of two counts of computer intrusion damage in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i) and was sentenced to a total of 115 months in prison. *United States v. Laoutaris*, No. 3:13-cr-386-B (N.D. Tex.). On January 29, 2018, the Fifth Circuit Court of Appeals affirmed the judgment.

Here, Plaintiff argues Defendant Assistant United States Attorney Paul Yanowitch maliciously prosecuted him, ignored evidence that he was innocent,

1

failed to conduct a sufficient investigation, and suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Plaintiff seeks to criminally prosecute Yanowitch and requests money damages.

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.

### 1. Criminal Statutes

Plaintiff states he filed this case under 18 U.S.C. §§ 241 and 242. These statutes, however, are criminal statutes that do not provide Plaintiff the right to bring a private action. *See Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (per curiam) (finding plaintiff "has no right to bring a private action" under 18 U.S.C. §§ 241 and 242) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975) and *Ali v. Shabazz*, 8 F.3d 22, *1 (5th Cir. 1993)); *Chaney v. Races and Aces*, 500 F. App'x 327, 330 (5th Cir. 2014) (per curiam) (same). Because Plaintiff cannot sue Defendant under these statutes, his claims under §§ 241 and 242 fail to state a claim for relief.

### 2. *Bivens*

To the extent Plaintiff raises civil rights claims under *Bivens*, his claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

3

> called into question be a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. *Heck* also bars claims for declaratory or injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, a ruling in Plaintiff's favor on his claims that Defendant suppressed evidence in violation of *Brady*, maliciously prosecuted him, failed to conduct a sufficient investigation, and ignored evidence that he was innocent would necessarily imply the invalidity of his conviction. Plaintiff, however, has failed to show that his conviction has been reversed or declared invalid. Plaintiff's claims therefore lack any basis in law and should be dismissed until Plaintiff can show he satisfies the conditions set forth in *Heck*.

IV.

Plaintiff's *Bivens* claims should be dismissed with prejudice until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met, and Plaintiff's remaining claims should be dismissed as frivolous under 28 U.S.C. § 1915A and § 1915(e).

Signed January 9, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).